SULLIVAN, Judge
(concurring):
Justice Brandéis said: “Sunlight is said to be the best of disinfectants.” * Accordingly, I am obliged to draw attention to certain facts in this case. Although I join in affirming this case, I am troubled with the Staff Judge Advocate’s conduct. Under the Rules for Courts-Martial, only an accused or the military judge may excuse the defense counsel after formation of the attorney-client relationship. See RCM 505(d)(2)(B) & 506(c), Manual for Courts-Martial, United States (1995 ed.). Here, trial counsel made a motion pursuant to RCM 505(d) (2) (B) (iii) and 905 to have defense counsel show cause why he should not withdraw. Cf. United States v. Iverson, 5 MJ 440, 442-43 (CMA 1978)(“Ab-sent a truly extraordinary circumstance rendering virtually impossible the continuation of the established relationship, only the accused may terminate the existing affiliation with his trial defense counsel prior to the case reaching the appellate level.”) (footnotes omitted). The military judge, however, refused to order defense counsel to withdraw.
Notwithstanding the judge’s ruling, the Staff Judge Advocate acted outside the courtroom and took actions that may have resulted in the defense counsel terminating his relationship with his client. The Staff Judge Advocate instructed MAJ M., his Chief of Criminal Law, to inform Mr. Lucas, appellant’s civilian defense counsel, that someone from the Office of the Staff Judge Advocate would file an ethics complaint against him. Record at 222. Moreover, in the midst of appellant’s trial, the Command gave an ethics class based on the facts of appellant’s case which appellant’s military defense counsel attended. Record at 223-24. In my view, these actions are clearly not consistent with the spirit of the above Rules for Courts-Martial, but I vote nevertheless to affirm since such errors were clearly harmless in this case. Art. 59(a), UCMJ, 10 USC § 859(a). The judge must run the courtroom, not the Staff Judge Advocate.

 Louis D. Brandeis, Other People's Money 92 (1932).